■ JAMES D. VOLLERTSON ASSOCIATES, INC., et al., Respondents, v. JOHN T. NOTHNAGLE, INC., et al., Appellants.— Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: This action was commenced on March 8, 1973. In order that defendants may have opportunity adequately to prepare for the trial of this action, the order of Special Term entered on August 9, 1974 should be modified to substitute "January 2, 1975" wherever the date "November 1, 1974" appears, thus extending by two months the period for the use of disclosure devices. In view of the history of the litigation and the conduct of the parties, we think this represents a fair accommodation of the right of plaintiffs to a proper disposition of these claims and the right of defendants to an opportunity to assemble evidence for their defense. To prevent the case being stricken from the Trial Calendar, as plaintiffs assert will occur upon their failure to file a statement of readiness on November 1, 1974, there should also be added to the order in the special circumstances here presented a direction that the case remain on the Trial Calendar and not be subject to the application of the calendar rule contained in 22 NYCRR 1110.2 (b). (Appeal from order of Monroe Special Term limiting time of discovery.) Present — Marsh, P. J., Moule, Mahoney, Goldman and Del Vecchio, JJ.

■ COUNTY OF ERIE, Plaintiff, v. BUFFALO BILLS DIVISION OF HIGHWOOD SERVICE, INC., et al., Appellants; RICH PRODUCTS CORPORATION, Respondent.— Order unanimously affirmed, with costs. Memorandum: The protective order of Special Term is affirmed without prejudice to an application to the court by appellants for further discovery after their answer is interposed and oral examinations are completed. Further discovery should be had only upon a sufficient factual showing that the items as to which additional discovery is sought are material and necessary to the defense. (Appeal from part of order of Erie Special Term directing service of answer, etc.) Present — Marsh, P. J., Moule, Simons, Mahoney and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES REYNOLDS WOODS, Appellant.— Judgment insofar as it imposes sentence unanimously reversed, on the law, and otherwise judgment affirmed, and matter remitted to Erie County Court for further proceedings in accordance with the following memorandum: The appellant is remanded solely for the purpose of resentencing after the sentencing court has complied with the mandate of CPL 380.50 (People v. Herndon, 41 A D 2d 698). (Appeal from judgment of Erie County Court, convicting defendant of attempted burglary, third degree.) Present — Marsh, P. J., Moule, Cardamone, Mahoney and Goldman, JJ.